*E-FILED - 1/5/10*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RAUL UVALLES, | ) | No. C 09-5221 RMW (PR) |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING WITH |
| | ) | LEAVE TO AMEND; DENYING |
| v. | ) | MOTION FOR INJUNCTION; |
| | ) | DENYING MOTION FOR |
| FRANCISCO JACQUEZ, Warden, et al., | ) | APPOINTMENT OF COUNSEL |
| | ) | |
| Defendants. | ) | (Docket Nos. 2, 4) |
| | ) | |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis in a separate order. The court will DISMISS the complaint with leave to amend, DENY plaintiff's motion for an injunction, and DENY plaintiff's motion for appointment of counsel.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police

1  Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

2      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
3  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
4  the alleged violation was committed by a person acting under the color of state law. See West v.
5  Atkins, 487 U.S. 42, 48 (1988).

6  B.    Plaintiff's Claims

7      Plaintiff alleges that on September 7, 2008, there was a staff assault at the prison and, as
8  a result, all blocks which housed "classified Northern Hispanics" were "barstrapped." On
9  October 23, 2008, plaintiff was removed by the Investigative Service Unit from the Behavior
10 Management Unit, and placed on Contraband Surveillance Watch ("CSW") only because he was
11 a Mexican from Northern California. Plaintiff was in CSW from October 23, 2008 through
12 October 27, 2008. Being housed in CSW resulted in considerable hardships for plaintiff -- he
13 had no shower, no blankets, and was in restraints at all times. Specifically, one of the restraints
14 is a "tube" in which he had to place his hands. On October 25, 2008, plaintiff had been
15 complaining of pain in his hands which were bruised at the wrist and swollen. Nurse Gavin saw
16 plaintiff's hands and observed that the tubing could result in nerve damage to plaintiff's hands.

17     A second time, on February 10, 2009, plaintiff again was placed in CSW and again
18 placed in restraints, including the "tube." The following day, plaintiff again complained of hand
19 swelling from the "tube" as well as back pain. Later that day, medical staff saw plaintiff and
20 determined that he had nerve damage on top of his hand. Plaintiff raises claims of cruel and
21 unusual punishment, deliberate indifference to serious medical needs, equal protection, and due
22 process.

23     However, with the exception of defendant Warden Jacquez, plaintiff fails to link any of
24 the other 51 named defendants to the underlying events. Plaintiff is advised that liability may be
25 imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the
26 defendant proximately caused the deprivation of a federally protected right. See Leer v.
27 Murphy, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right
28 within the meaning of section 1983 if he does an affirmative act, participates in another's

affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. See Leer, 844 F.2d at 633. To defeat summary judgment, plaintiff must "set forth specific facts as to each individual defendant's" actions which violated his rights. Id. at 634. Even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). Here, plaintiff links none of the defendants to his allegation of a constitutional violation. Plaintiff shall bear in mind that a complaint that fails to state the specific acts of the defendant which violated the plaintiff's rights also fails to meet the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure. Hutchinson v. United States, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982). Accordingly, plaintiff's complaint is DISMISSED with leave to amend.

In addition, the court notes that plaintiff names several "unidentified" defendants in his complaint. The use of "Doe" defendants is not favored in the Ninth Circuit. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). However, where the identity of alleged defendants cannot be known prior to the filing of a complaint the plaintiff should be given an opportunity through discovery to identify them. Id. Failure to afford the plaintiff such an opportunity is error. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999). Accordingly, Doe defendants 1-20 are DISMISSED from this action without prejudice. Should plaintiff learn the identity of any Doe defendants through discovery, he may move to file an amendment to the complaint to add the individuals as named defendants. See Brass v. County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

Accordingly, within **thirty (30) days** from the date of this order, if plaintiff can cure the deficiencies specified above, plaintiff shall file an amended complaint. The amended complaint must indicate which specific, named defendant(s) were involved, what each defendant did, what effect this had on plaintiff and what right plaintiff alleges was violated. The amended complaint supersedes the initial complaint. The amended complaint may not incorporate by reference any parts of the original complaint or filings in another action. The amended complaint must be a completely new and self-contained document. Failure to file an amended complaint will result

in dismissal of plaintiff's claims.

C.  Motion for Injunction

Plaintiff has filed a motion for an injunction. He asks the court to enjoin the prison's use of "tube" restraints. A preliminary injunction may be granted without written or oral notice to the adverse party or that party's attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant certifies in writing the efforts, if any, that have been made to give notice and the reasons supporting the claim that notice should not be required. Fed. R. Civ. P. 65(b). Neither is the case here. Accordingly, plaintiff's motion for an injunction is DENIED.

D.  Motion for Appointment of Counsel

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. See Lassiter v. Dep't. of Soc. Servs., 452 U.S. 18, 25 (1981). The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See id. at 1525. Both of these factors must be viewed together before reaching a decision on a request for counsel under 28 U.S.C. § 1915. See id.

The court is unable to assess at this time whether exceptional circumstances exist which would warrant seeking volunteer counsel to accept a pro bono appointment. The proceedings are at an early stage and it is premature for the court to determine plaintiff's likelihood of success on the merits. Accordingly, the request for appointment of counsel at this time is DENIED. This does not mean, however, that the court will not consider appointment of counsel at a later juncture in the proceedings, that is, after plaintiff has filed an amended complaint, defendants have been served, and defendants have filed their dispositive motion. Therefore, plaintiff may file a renewed motion for the appointment of counsel at that time, when the court will have a better understanding of the procedural and substantive matters at issue.

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.Rmw\CR.09\Uvalles221dwla.wpd      4

**CONCLUSION**

For the foregoing reasons, the court hereby orders as follows:

1. Plaintiff's complaint is DISMISSED with leave to amend.

2. Plaintiff's motion for an injunction is DENIED.

3. Plaintiff's motion for appointment of counsel is DENIED.

4. If plaintiff can cure the pleading deficiencies described above, plaintiff shall file an AMENDED COMPLAINT within **thirty days** from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 009-5221 RMW (PR)) and the words AMENDED COMPLAINT on the first page. Plaintiff may not incorporate material from the prior complaint by reference. **Failure to file an amended complaint within thirty days and in accordance with this order with result in dismissal of this action.**

5. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

6. It is the plaintiff's responsibility to prosecute this case. Plaintiff's must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

This order terminates docket numbers 2 and 4.

IT IS SO ORDERED.

DATED: 1/5/10

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge