*E-FILED - 6/29/11*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL UVALLES, | No. C 09-5221 RMW (PR) |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; FURTHER SCHEDULING ORDER |
| v. | |
| FRANCISCO JACQUEZ, Warden, et al., | (Docket No. 107) |
| Defendants. | |

Plaintiff, a California state prisoner, proceeding pro se, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983 against prison officials at Pelican Bay State Prison. Defendants have moved to dismiss plaintiff's first cause of action for failure to exhaust administrative remedies. Plaintiff has filed an opposition. Defendants have filed a reply, and Plaintiff has filed a response to their reply. Having carefully considered the papers submitted, the court hereby GRANTS defendants' motion to dismiss.

**DISCUSSION**

A.  Legal Standard

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 28 U.S.C. § 1997e(a). Nonexhaustion under § 1997e(a) is an affirmative defense; that is, defendants have the burden of raising and proving

the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1119-20. If the court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal without prejudice. Id. at 1120.

The State of California provides its prisoners and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal review, (2) first formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections and Rehabilitation ("Director"). See Barry v. Ratelle, 985 F. Supp 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5). A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a). See id. at 1237-38.

Defendants have the burden of raising and proving the absence of exhaustion, and inmates are not required to specifically plead or demonstrate exhaustion in their complaints. Jones v. Bock, 549 U.S. 199, 215-17 (2007). A movant claiming lack of exhaustion must demonstrate that pertinent relief remains available, whether at unexhausted levels or through awaiting the results of the relief already granted as a result of that process. Brown v. Valoff, 422 F.3d 926, 936-37 (9th Cir. 2005).

B.      Analysis

In plaintiff's first cause of action in his federal civil rights complaint, he claims that defendants purposefully deprived him of basic human needs -- specifically, outdoor exercise and hygiene for six months beginning when he was placed in the Behavior Modification Unit ("BMU"). (Am. Comp. at 5-7, 23.)

Defendants point to PBSP 08-2819, an administrative appeal submitted by plaintiff and attached as an exhibit to plaintiff's amended complaint. Defendants argue, and plaintiff

1  concedes, that PBSP 08-2819 was never filed as an appeal to the Director's level of review, and
2  therefore, it was unexhausted. (MTD at 2-3; Opp. at 1.) Plaintiff states that he did not continue
3  the appeal because he was no longer in the BMU, and thus, he was no longer part of the group
4  who filed the appeal. (Opp. at 1.) Defendants also demonstrate that out of 13 appeals plaintiff
5  filed and resolved at the Director's level of review in 2008 and 2009, none grieved facts
6  sufficient to exhaust his first cause of action. (MTD at 5-6; Decl. Foston, Ex. A.) However,
7  plaintiff claims that administrative appeals PBSP 08-3134 and PBSP 09-0898 exhausted his
8  claim of a deprivation of basic human needs but acknowledges that the responses from the
9  Director's level of review opted to not address his claim. (Opp. at 2.) Defendants respond that
10 neither PBSP 08-3134 nor PBSP 09-0898 exhausted his first cause of action because neither
11 alerted prison officials to the nature of his claim. (Reply at 4.) Plaintiff responds with the
12 additional argument that because he was fully satisfied with his partial grant at the second level
13 of review in PBSP 08-2819, his claim was exhausted. (Response at 3.) The court discusses each
14 argument below.

15      1.  <u>PBSP 08-2819</u>

16  In this appeal, plaintiff and other BMU prisoners grieved that they were not receiving
17 their "canteen" orders pursuant to established procedures. (Am. Comp., Ex. A at 2-4.) Instead,
18 they were required to "go to the yard" to get their orders filled. (<u>Id.</u>) In his grievance, plaintiff
19 asserted that "tray unlock to deliver canteen are ad seg procedures and present no greater risk to
20 safe operations staff . . ." (Response, Ex. A at 2.) The appeal was denied at the first level of
21 review. (<u>Id.</u>, Ex. D.) The appeal was partially granted at the second level of review. (<u>Id.</u>, Ex.
22 E.) Specifically, the response indicated that, due to security precautions, the canteen program
23 was restricted, and when the facility returned to normal operating procedures, the canteen
24 procedures would be reviewed. (<u>Id.</u>)

25  Plaintiff claims that because he was satisfied with this grant, he was not required to
26 appeal to the Director's level of review in order to exhaust his claim. (Response at 4.) While, in
27 general, this principle is accurate, <u>see</u> <u>Harvey v. Jordan</u>, 605 F.3d 681, 685 (9th Cir. 2010), that
28 does not address the fact that his administrative appeal grieved one thing, while plaintiff's first

1  cause of action in his amended civil rights complaint alleged that he was deprived of outdoor
2  exercise and hygiene for six months.

3  Compliance with prison grievance procedures is all that is required by the PLRA to
4  "properly exhaust." <u>Jones v. Bock</u>, 549 U.S. 199, 217-18 (2007).  In California, the regulation
5  requires the prisoner "to lodge his administrative complaint on CDC form 602 and 'to describe
6  the problem and action requested.'" <u>Morton v. Hall</u>, 599 F.3d 942, 946 (9th Cir. 2010) (quoting
7  Cal. Code Regs. tit. 15 § 3084.2(a)).  Where a prison's grievance procedures do not specify the
8  requisite level of factual specificity required in the grievance, "'a grievance suffices if it alerts
9  the prison to the nature of the wrong for which redress is sought.'" <u>Griffin v. Arpaio</u>, 557 F.3d
10 1117, 1120 (9th Cir. 2009) (quoting <u>Strong v. David</u>, 297 F.3d 646, 650 (7th Cir. 2002)).  The
11 grievance need not include legal terminology or legal theories unless they are needed to provide
12 notice of the harm being grieved.  <u>Id.</u>  Nor must a grievance include every fact necessary to
13 prove each element of an eventual legal claim.  <u>Id.</u>  The purpose of a grievance is to alert the
14 prison to a problem and facilitate its resolution, not to lay groundwork for litigation.  <u>Id.</u>  The
15 grievance should include sufficient information "to allow prison officials to take appropriate
16 responsive measures."  <u>Id.</u> (citation and internal quotation omitted).

17 Here, the plaintiff's administrative appeal complained that BMU prisoners were not
18 receiving their canteen in accordance with procedures.  Specifically, the appeal described that
19 BMU prisoners had to go to the yard to receive their canteen, as opposed to having their canteen
20 delivered by BMU staff.  Plaintiff requested that prison officials reinstate the normal procedure
21 of receiving canteen.  Even read liberally, this appeal cannot have alerted prison officials to take
22 appropriate responsive measures to resolve a complaint that plaintiff was deprived of outdoor
23 exercise and hygiene for six months.  <u>See</u> <u>Griffin</u>, 557 F.3d at 1120.  Because PBSP 08-2819 did
24 not sufficiently alert the prison to the facts alleged in the first cause of action in his federal
25 complaint, and did not have the same subject and request for relief, it did not exhaust plaintiff's
26 first cause of action.

27  2. PBSP 08-3134

28 In this appeal, plaintiff submitted a complaint that he was sent to contraband watch

1  without probable cause and was not released for several days, in which time he suffered mental
2  and physical injuries. (Decl. Maiorino, Ex. H.) He also complained that thereafter, he was
3  housed in ad seg and was not allowed to complete the BMU program. (Id.) He requested, inter
4  alia, full reinstatement of all privileges of the general population and completion of the BMU
5  program. (Id.) The first level of review denied his appeal, stating that he was placed in ad seg
6  pending an investigation into his suspected involvement with a gang and would remain there
7  until the resolution of his rules violation report for promotion of gang activity. (Id.) Plaintiff
8  appealed that decision stating that he was complaining of his placement in contraband watch
9  without probable cause, the prison's gang validation procedure was discriminatory, and his
10 treatment while in contraband watch was cruel and unusual. (Id.) The second level review
11 response partially granted his appeal in that it was investigated as a staff complaint, and
12 determined that staff did not violate any policy. (Id.) Plaintiff appealed this decision, claiming
13 that his requests were not granted, and inquiring as to what was partially granted. (Id.)

14      Despite plaintiff's argument that his request for full reinstatement of privileges should
15 have exhausted his federal claim that he was deprived of outdoor exercise and hygiene for six
16 months, liberally construed, his grievance could not have alerted prison officials to take
17 appropriate measures to correct that allegation. Griffin, 557 F.3d at 1120. Further, arguably,
18 because plaintiff did not claim that he was deprived of any privileges at the Director's level, he
19 abandoned it. The Director's level response indicated that the appeal at the second level of
20 review was treated as a staff complaint, and that all other issues must be addressed in a separate
21 appeal. Clearly, even if plaintiff had sufficiently presented facts supporting a deprivation of
22 outdoor exercise and hygiene claim, the Director's level response directed him to file a separate
23 appeal because it would not be considered. Plaintiff failed to do so. Woodford v. Ngo, 548 U.S.
24 81, 90-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other
25 critical procedural rules.") Thus, PBSP 08-3134 did not have exhaust plaintiff's first cause of
26 action.

27      3.    PBSP 09-0898
28      In this appeal, plaintiff submitted a complaint that the prison was abusing the gang
validation process by unfairly targeting him and other Northern Hispanics. (Decl. Maiorino, Ex.

1  L.) His request for relief included a thorough investigation into his allegations, removal of the
2  validation label, and a transfer to general population. (Id.) Plaintiff's appeal was denied at all
3  levels after the prison concluded that the gang validation procedure and finding was proper. (Id.)
4       As with the other two appeals discussed above, plaintiff's grievance did not have the
5  same subject and same request for relief as his federal claim of a deprivation of outdoor exercise
6  and hygiene. See, e.g., Morton, 599 F.3d at 946 (grievance that complained of visitation
7  restrictions, and did not mention an assault or theorize that the visitation restriction imposed was
8  related to the assault, was insufficient to put prison officials on notice that staff conduct
9  contributed to the assault); O'Guinn, 502 F.3d at 1062, 1063 (even with liberal construction,
10 grievance requesting a lower bunk due to poor balance resulting from a previous brain injury
11 was not equivalent to, and therefore did not exhaust administrative remedies for, claims of denial
12 of mental health treatment in violation of the ADA and Rehabilitation Act). Despite plaintiff's
13 assertion that a request to return to general population and full privileges necessarily includes a
14 request that he receive outdoor exercise and hygiene, his administrative appeal complaint was
15 not that he was not receiving those privileges, but that he was being unfairly targeted as a
16 Northern Hispanic for gang validation. Because his grievance, even liberally construed, does not
17 have the same subject and same request for relief, this appeal could not have exhausted his
18 administrative remedies for his federal claim.
19      Accordingly, defendants have satisfied their burden of demonstrating that plaintiff failed
20 to exhaust his administrative remedies as to his first cause of action. Defendants' motion to
21 dismiss the first cause of action is GRANTED.
22 C.      Request for appointment of counsel
23      Plaintiff's request for appointment of counsel is DENIED for want of exceptional
24 circumstances. See Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997); see also Lassiter v.
25 Dep't of Social Services, 452 U.S. 18, 25 (1981) (there is no constitutional right to counsel in a
26 civil case). The issues in this case are not particularly complex and plaintiff has thus far been
27 able to adequately present his claims. This denial is without prejudice to the court's sua sponte
28 appointment of counsel at a future date should the circumstances of this case warrant such
   appointment.

Order Granting Defendants' Motion to Dismiss; Further Scheduling Order
P:\PRO-SE\SJ.Rmw\CR.09\Uvalles221mtdexh.wpd      6

### CONCLUSION

For the reasons stated above, the court orders as follows:

1. Plaintiff's first cause of action is hereby DISMISSED without prejudice for failure to exhaust. Plaintiff's request for appointment of counsel is DENIED.

2. No later than **sixty (60) days** from the date of this order, defendants shall file a motion for summary judgment with respect to the remaining claims found to be cognizable, or, within such time, notify the court that defendants are of the opinion that this case cannot be resolved by such a motion.

Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.**

3. Plaintiff's opposition to the motion shall be filed with the court and served on defendant no later than **thirty (30) days** from the date defendants' motion is filed.

In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read

Order Granting Defendants' Motion to Dismiss; Further Scheduling Order
P:\PRO-SE\SJ.Rmw\CR.09\Uvalles221mtdexh.wpd    7

1  Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317
2  (1986) (holding party opposing summary judgment must come forward with evidence showing
3  triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that
4  failure to file an opposition to defendants' motion for summary judgment may be deemed to be a
5  consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff
6  without a trial.  <u>See</u> <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); <u>Brydges
7  v. Lewis</u>, 18 F.3d 651, 653 (9th Cir. 1994).

8       4.    Defendants <u>shall</u> file a reply brief no later than **fifteen (15) days** after plaintiff's
9  opposition is filed.

10       5.    The motion shall be deemed submitted as of the date the reply brief is due.  No
11  hearing will be held on the motion unless the court so orders at a later date.

12       6.    All communications by the plaintiff with the court must be served on defendants'
13  counsel by mailing a true copy of the document to defendants' counsel.

14       7.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
15  No further court order is required before the parties may conduct discovery.

16       8.    It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court
17  and all parties informed of any change of address and must comply with the court's orders in a
18  timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
19  pursuant to Federal Rule of Civil Procedure 41(b).

20      IT IS SO ORDERED.
21  DATED:  6/28/11

                                              RONALD M. WHYTE
22                                                United States District Judge