**E-FILED on 9/17/12**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL UVALLES, | No. C 09-5221 RMW (PR) |
| Plaintiff, | ORDER DENYING MOTION TO COMPEL; CONDITIONALLY GRANTING MOTION FOR EXTENSION OF TIME; DIRECTING PLAINTIFF TO FILE SUPPLEMENTAL BRIEF |
| v. | |
| FRANCISCO JACQUEZ, et al., | |
| Defendants. | |
| | (Docket Nos. 160, 177) |

Plaintiff filed a pro se civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has filed a motion to compel. Defendants have filed a motion for summary judgment. Plaintiff's timely opposition is more accurately entitled a motion for continuance under Federal Rule of Civil Procedure 56(d). As explained below, plaintiff's motion to compel is DENIED as premature. Further, although plaintiff does not satisfy the requirements of Rule 56(d) at this time, the court provisionally GRANTS a continuance so that plaintiff has an opportunity to make the required showing.

**BACKGROUND**

Plaintiff alleges that various prison officials exhibited cruel and unusual punishment, violated his right to be free from unreasonable search and seizure, violated his right to equal protection, and were deliberately indifferent to his serious medical needs when they placed him

into Contraband Surveillance Watch ("CSW").  Plaintiff, a classified Northern Hispanic suspected of being involved with the Northern Structure Prison Gang, was placed into CSW after prison officials believed that he possessed contraband within his body.  Plaintiff alleges that he was humiliated when he had to defecate in front of a female officer; that he was not provided with basic human needs while in CSW; and that the restraints used in CSW injured his back, shoulder, and hands.  Plaintiff also claims that the prison officials discriminated against Northern Hispanics because one Northern Hispanic inmate had assaulted a staff member in September 2008, and the prison officials, in turn, retaliated against all Northern Hispanics.

## ANALYSIS

### I.  Motion to Compel

Plaintiff may file a motion to compel discovery, however, only after he satisfies the "meet and confer" requirements of the discovery rules.  See Fed. R. Civ. P. 37(a)(2)(A) (providing that a motion to compel must include certification that movant has in good faith conferred and attempted to confer with non-disclosing party in effort to secure disclosure without court action); N.D. Cal. Civ. R. 37-1 (same).  Because plaintiff is detained, however, he is not required to meet and confer with defendants in person.  Rather, if his discovery requests are denied, and he intends to seek a motion to compel, he must send a letter to defendants to that effect, offering them one last opportunity to provide him with the sought-after information.  On the record, there is no indication that plaintiff satisfied that requirement.  Thus, the motion to compel is DENIED without prejudice.

### II.  Rule 56(d)

Federal Rule of Civil Procedure 56(d) provides that if a party opposing summary judgment demonstrates a need for further discovery in order to obtain facts essential to justify the party's opposition, the court may deny the motion for summary judgment or continue the hearing to allow for such discovery.  Fed. R. Civ. P. 56(d); Margolis v. Ryan, 140 F.3d 850, 853 (9th Cir. 1998).  In making a Rule 56(d) motion, a party opposing summary judgment must make clear "what information is sought and how it would preclude summary judgment."  Id. at 853-54

(district court correctly denied motion for continuance under Rule 56(f)[1] where plaintiff did not provide any basis or factual support for his assertions that further discovery would lead to the facts and testimony he described, and his assertions appeared based on nothing more than "wild speculation"); see also, e.g., Nicholas v. Wallenstein, 266 F.3d 1083, 1088-89 (9th Cir. 2001) (district court did not abuse its discretion in denying motion for continuance under Rule 56(f) where plaintiffs had already conducted a large amount of informal discovery and where they did not make clear what information was sought and how it would preclude summary judgment). Rule 56(d) requires that the requesting party show (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery, (2) the facts sought exist, and (3) the sought-after facts are essential to oppose summary judgment. Family Home and Finance Center, Inc. v. Federal Home Loan Mortgage Corp., 525 F.3d 822, 827 (9th Cir. 2008).

"[S]ummary judgment is disfavored where relevant evidence remains to be discovered, particularly in cases involving confined pro se plaintiffs." Jones v. Blanas, 393 F.3d 918, 930 (9th Cir. 2004). In such cases, "summary judgment in the face of requests for additional discovery is appropriate only where such discovery would be fruitless with respect to the proof of a viable claim." Id. (internal quotation marks and citation omitted).

Here, the court has reviewed plaintiff's request for answers to interrogatories as well as his first request for production of documents. Plaintiff requests, inter alia, policies and procedures relating to the CSW; policies regarding use of "the tube"; and information regarding where Northern Hispanics were housed after the September 7, 2008 staff assault. The court has also reviewed exhibits attached to plaintiff's amended complaint and defendants' declarations in support of their motion for summary judgment, and has found documents and information responsive to the above mentioned discovery requests within the pleadings filed in this case.

Where a plaintiff requests information relating to facts within his control, any request for that discovery would be "fruitless" and would not warrant a motion under Rule 56(d). Jones,

---

[1] Former Federal Rule of Civil Procedure 56(f) was amended in 2010. It is now set forth in Rule 56(d).

393 F.3d at 930-31.  In addition, a party asking for more time to conduct discovery to oppose summary judgment bears the burden of demonstrating that the evidence sought actually exists. Terrell v. Brewer, 935 F.2d 1015, 1018 (9th Cir. 1990).  Thus, plaintiff must identify specific facts he hopes will be demonstrated by the evidence he seeks and explain how that information is essential to prevent summary judgment.  Tatum v. San Francisco, 441 F.3d 1090, 1100 (9th Cir. 2006).

Because the court is not convinced at this time that all of plaintiff's requested discovery would be "fruitless," Jones, 393 F.3d at 930, plaintiff's motion for continuance is provisionally GRANTED to allow plaintiff time to submit a supplemental declaration explaining what information or documents he lacks from his original discovery requests, what he expects the requested evidence will demonstrate, and why those facts will assist in proving the elements of his claims.  Alternatively, if, after reviewing the exhibits attached to defendants' motion for summary judgment declarations, plaintiff determines that he can file his opposition without the discovery he originally requested, plaintiff shall file his opposition instead.

## CONCLUSION

As set forth above, plaintiff's motion to compel is DENIED.  Plaintiff's motion for a continuance is provisionally GRANTED, pending plaintiff's compliance with this order.

Plaintiff shall file a supplemental declaration including the required information within **28 days** of the filing date of this order.  Any response by defendants shall be filed within **14 days** thereafter.  If plaintiff determines instead, that he can file an opposition without the originally requested discovery, then he may file his opposition no later than **28 days** of the filing date of this order.  Defendants's reply shall be filed within **14 days** thereafter.

**If plaintiff fails to file anything within 28 days, the court will deem defendants' motion for summary judgment submitted and ready for consideration.**

IT IS SO ORDERED.

DATED: 9/17/12

*/s/ Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order Denying Motion to Compel; Conditionally Granting Motion for Extension of Time; Directing Plaintiff to File Supplemental Brief
G:\PRO-SE\SJ.Rmw\CR.09\Uvalles221.56d.wpd        4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

RAUL UVALLES,

        Plaintiff,

  v.

FRANCISCO JAQUEZ et al,

        Defendant.

Case Number: CV09-05221 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 17, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Raul Uvalles T-59954
Pelican Bay State Prison
Housing: C9-116
P.O. Box 7500
Crescent City, CA 95532

Dated: September 17, 2012

Richard W. Wieking, Clerk
By: Jackie Lynn Garcia, Deputy Clerk